ALISE BATES *vs.* HAROLD ARTHUR WHEELER ET AL.
(ALISE BATES' APPEAL FROM PROBATE).

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 11th—decided June 13th, 1929.

*Brien McMahon,* for the appellant (plaintiff).

*Raymond E. Hackett,* for the appellees (defendants).

PER CURIAM. The appeal raises two questions, whether the deceased had testamentary capacity when she executed the instrument in question and whether she executed it freely and not under undue influence. No evidence was offered which would reasonably establish the lack of testamentary capacity. The undue influence claimed to have been exerted is alleged to have been by Margaret Lane Wheeler, while the present claim is that it was exerted by her husband. It is urged that the husband stood in such confidential relation to the testatrix as to have placed the burden of proof upon the appellees. This claim rests upon a misconcep-

tion of our law. *Lockwood* v. *Lockwood*, 80 Conn. 513, 69 Atl. 8. Evidence supporting this claim and bringing the case within this rule is totally lacking. Assuming, without deciding, that the appellant is correct in her claim that the appellees have waived the defect of the failure to allege that the undue influence was exerted by Mr. Wheeler by not seasonably objecting to it, we find little or no support for the contention that the will was procured through undue influence exercised by Mr. or Mrs. Wheeler. At the most it rests upon unstable inference and insecure suspicion. The trial court was right in holding that neither by direct evidence, nor by inference or opportunity offered to exert undue influence, was there a safe foundation of material facts proven, or of inferences which fairly and convincingly lead to the conclusion of undue influence. That "should not be rested upon surmise or suspicion," or upon inferences drawn from inconsequential facts. *Hills* v. *Hart*, 88 Conn. 394, 397, 91 Atl. 257.

There is no error.